SHELLCAST, INC *v* MECHANICAL EQUIPMENT
COMPANY, INC

COURTS—JURISDICTION—FOREIGN CORPORATION—PERSONAL JURISDIC-
TION—PROPERTY OWNERSHIP.

   A Michigan circuit court had personal jurisdiction over a
   Louisiana corporation in a breach of contract suit even
   though neither the corporation's officers nor its agents had
   personal contact with this state where, pursuant to the con-
   tract, equipment was manufactured in this state by the
   plaintiff through the use of tools owned by the Louisiana
   corporation (MCLA 600.715[3]).

Appeal from Muskegon, Charles A. Larnard, J.
Submitted Division 3 November 4, 1971, at Grand
Rapids. (Docket No. 10880.) Decided January 25,
1972.

Complaint by Shellcast, Inc., against Mechanical
Equipment Company, Inc., for breach of contract.
Defendant's motion for accelerated judgment denied.
Defendant appeals by leave granted. Affirmed.

*Russell & Ward* (by *Joel V. Soule*), for plaintiff.

*Wheeler, Upham, Bryant & Uhl* (by *Robert H.
Gillette*), for defendant.

Before: R. B. BURNS, P. J., and LEVIN and T. M.
BURNS, JJ.

REFERENCE FOR POINTS IN HEADNOTE
36 Am Jur 2d, Foreign Corporations § 324 *et seq.*

PER CURIAM. This is an appeal from an order denying defendant's motion for accelerated judgment. Application for leave to appeal was filed on December 31, 1970, which was granted on February 26, 1971.

During the period from July 14, 1967, through August 16, 1968, plaintiff, a Michigan corporation, manufactured and shipped to defendant, a Louisiana corporation, certain investment castings for desalinization equipment owned by the defendant. Defendant placed about 131 orders with plaintiff during the period, the orders totalling almost $57,000.

The castings were fabricated according to defendant's specifications and were stored at plaintiff's place of business until they were shipped at defendant's instructions, f.o.b. Muskegon. The business was carried on entirely by mail, telephone, and shipping. No personal contact or conferences were involved. At no time did defendant's officers or agents enter this state.

The parties terminated their business relationship in August 1968. Plaintiff, pursuant to defendant's instructions, then sent the tooling used for the manufacture of the parts in question to the defendant in Louisiana. Plaintiff then demanded that defendant pay $7,903.88, the balance that plaintiff contends defendant still owes. Defendant declined to make the payment, and plaintiff brought this suit.

Defendant contends that the circuit court lacks jurisdiction over the defendant corporation. Defendant maintains that it did not have the requisite "minimum contacts" within this state to subject it to the jurisdiction of the Michigan courts.

The trial court held that the court obtained jurisdiction over defendant by virtue of MCLA 600.715; MSA 27A.715, which provides:

"Sec. 715. The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:

"(1) The transaction of any business within the state.

"(2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.

"(3) The ownership, use, or possession of any real or tangible personal property situated within the state.

"(4) Contracting to insure any person, property, or risk located within the state at the time of contracting.

"(5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant."

It is plaintiff's position that jurisdiction is established under sub-sections (1), (3), and (5) of the above statute.

Under the contract defendant maintained a proprietary interest in all of the tools used in the manufacturing process. Defendant concedes that it was the owner of the tools. The tools were, in fact, sent to defendant at one point due to a change in specifications. Defendant then returned the tools after they had been altered.

Since defendant was the owner of all of the tools that were used to manufacture the parts which were sold to defendant, it is our opinion that jurisdiction is established under subsection (3) of the statute. It was defendant's tools that made it possible for

plaintiff to fill defendant's orders and carry out its part of the contract. Without the tools there could have been no production and, therefore, no contract. We therefore have the cause of action arising directly out of the ownership of the tools by defendant which is sufficient, in our opinion, to establish jurisdiction under RJA 715(3).

Since we have found that jurisdiction was established under MCLA 600.715(3); MSA 27A.715(3), we do not find it necessary to discuss whether or not jurisdiction may also have been established under any other section of the statute.

Affirmed.